IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Civil No. CCB-10-79 |
| | : | Criminal No. CCB-05-016 |
| MICHAEL LAWRENCE BRANCH | : | |

**MEMORANDUM**

Now pending is a petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed by Michael Lawrence Branch. Branch was convicted by a jury on December 14, 2005, of two counts of distribution of crack cocaine in violation of 21 U.S.C. § 841 (One and Two), one count of illegal possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Three), and one count of possession with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. § 841 (Four). On February 24, 2006, the district court sentenced Branch to 20 years for each charged distribution of crack cocaine, 10 years for the illegal possession of a firearm, and 25 years for possession with intent to distribute more than fifty grams of crack cocaine, with all sentences to run concurrently. Both his sentence and conviction were affirmed by the Fourth Circuit. *United States v. Branch,* 537 F.3d 328 (4th Cir 2008). Branch now challenges his sentence based on ineffective assistance of counsel and denial of equal protection and due process of law. The matter has been fully briefed, and no hearing is necessary. *See* Local Rule 105.6. For the reasons set forth below, the § 2255 petition will be denied.

*Equal Protection and Due Process*

Branch raises two grounds for habeas relief, which will be considered in turn. First, Branch argues the district court violated his due process and equal protection rights by applying the U.S. Sentencing Guidelines and complying with the § 841 mandatory minimum sentences for offenses involving crack cocaine. Acknowledging the Fourth Circuit has denied equal protection claims based on the disparate treatment of powder cocaine and crack cocaine offenses, Branch nonetheless contends the court's adherence to the advisory guidelines and statutory mandatory minimum sentence in light of evidence of their disparate impact on African Americans constitutes a violation of his constitutional rights.

Branch fails to mount an argument which has not been squarely considered and rejected by this court with respect to the constitutional implications of the sentencing disparity between powder cocaine and crack cocaine offenses. The Fourth Circuit has repeatedly denied equal protection challenges to both the Sentencing Guidelines and mandatory minimums as they relate to the crack cocaine/powder cocaine sentencing schemes. *See, e.g., United States v. Perkins,* 108 F.3d 512, 518 (4th Cir. 1997) (evidence of disparate racial impact is insufficient to establish § 841 violates equal protection); *United States v. Burgos,* 94 F.3d 849, 876-77 (4th Cir. 1996) (en banc) (collecting cases); *United States v. Fisher,* 58 F.3d 96, 99-100 (4th Cir. 1995) (sentencing ratio under 21 U.S.C. § 841 does not deny defendants equal protection); *United States v. Jones,* 18 F.3d 1145, 1151 (4th Cir. 1994) (sentencing disparity under the Sentencing Guidelines does not violate the Equal Protection Clause); *United States v. D'Anjou,* 16 F.3d 604, 612 (4th Cir. 1994) (same). More recently, in unpublished cases, the Fourth Circuit has rejected challenges identical to Branch's – wherein petitioners charge, among other things, that increased evidence of racial bias resulting from the crack/cocaine disparity amounts to an equal protection violation

2

such that the court is obliged to revisit its existing precedent. *See, e.g., United States v. Johnson*, 389 F. App'x 243, 244 (4th Cir. 2010); *United States v. Upchurch*, 333 F. App'x 798, 799 (4th Cir. 2009); *United States v. Tunstalle*, 356 F. App'x 652, 653 (4th Cir. 2009); *United States v. Ford*, 355 F. App'x 756, 757 (4th Cir. 2009); *United States v. Benjamin*, 314 F. App'x 552, 553 (4th Cir. 2008); *United States v. Thomas*, 294 F. App'x 761, 762 (4th Cir. 2008) *cert. denied*, 129 S.Ct. 1052 (2009).[1]

Moreover, Branch's reliance on recent Supreme Court opinions is unavailing. Citing a 2009 Supreme Court opinion permitting sentencing courts to decline to apply the advisory guidelines based on policy disagreements, *Spears v. United States*, 555 U.S. 261, 265-66, Branch argues this court violated his constitutional rights by electing not to reject the guidelines entirely. *Spears*, however, merely held that district courts may apply different crack-to-powder ratios when considering the 18 U.S.C. § 3553(a) factors at sentencing. The holding did *not* cast doubt on the constitutionality of the sentencing disparity when the sentence is validly imposed by a district court.[2]

---

[1] Other circuits have issued more recent published opinions addressing and rejecting Branch's arguments about the constitutional relevance of updated statistical evidence. *See, e.g., United States v. McClellon,* 578 F.3d 846, 861 (8th Cir. 2009) (rejecting equal protection and due process challenges to § 841 and stating that "while there is proposed legislation in Congress that may remedy the problems in question, these actions remain mere proposals, and it is not the province of this court to anticipate and implement what may or may not occur in Congress"); *United States v. Samas*, 561 F.3d 108, 110 (2d Cir. 2009) (reaching the same conclusion).

[2] Branch also challenges the constitutionality of mandatory minimums as they relate to crack cocaine and powder cocaine offenses. This claim fails because the Supreme Court has specifically held "district courts are constrained by the mandatory minimums Congress prescribed." *Kimbrough v. United States,* 552 U.S. 85, 108 (2007). Moreover, every circuit to consider the question has held that 18 U.S.C. § 3553(a) does not confer authority on district courts to depart below mandatory minimums, even if they wish to do so. *See United States v. Wipf*, 620 F.3d 1168, 1169-70 (9th Cir. 2010) (collecting cases).

*Ineffective Assistance of Counsel*

Branch also claims he received ineffective assistance of counsel because his counsel, Kenneth Ravenell, failed to object to the use of a prior conviction to enhance Branch's statutory minimum sentence under 21 U.S.C. § 841.  By Branch's account, the government failed to file a notice setting forth previous convictions upon which enhanced penalties would be sought, as required under 21 U.S.C. § 851(a)(1).[3]  Then, at sentencing, the government sought a statutory range of 20 years to life, instead of 10 years to life, for Count Four (possession with intent to distribute) based upon an enhancement for a prior conviction of Branch's.  The district court asked if there was "an 851 issue here," but Branch's counsel did not object or challenge the use of that conviction, instead stating that he did not have a position on the validity of the conviction in question.  The district court determined the mandatory minimum sentence on Count Four to be 20 years and subsequently imposed a sentence of 25 years.

To sustain a claim for ineffective assistance, Branch must satisfy the two prong test set forth by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 687 (1984). First, a petitioner must show trial counsel's performance fell below "an objective standard of reasonableness." *Id.* at 687-91.  In evaluating such conduct, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To satisfy the second prong of the *Strickland* test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  When considering ineffective assistance claims, courts

---

[3] The government notes that it served the § 851 notice on Branch in the courtroom on September 9, 2010 and has submitted contemporaneous handwritten notes to that effect. (*See* ECF No. 81, Exh. 1.)  The government maintains it also filed the § 851 notice with the clerk of the court at that time, but acknowledges there is no record of the filing in the docket entries.  (ECF No. 81, p. 8.)  The court need not decide this issue because, as discussed below, there was no prejudice to Branch regardless of whether the information was properly served and filed.

4

may "bypass whether defense counsel's performance was deficient and proceed directly to the prejudice prong of the *Strickland* analysis." *Jackson v. Kelly*, 650 F.3d 477, 493 (4th Cir. 2011) *cert. denied,* 132 S.Ct. 64 (2011).

Without reaching the question of Branch's counsel's performance, the ineffective assistance claim fails for lack of prejudice. A petitioner claiming ineffective assistance of counsel at the sentencing stage must show "a substantial likelihood that his counsel's ineffective performance prejudiced the outcome of his sentencing." *Smith v. United States*, 871 F. Supp. 251, 256 (E.D. Va. 1994) (granting habeas relief where the petitioner "in all probability . . . would have received a lower sentence" but for his attorney's failure to challenge an erroneous criminal history calculation). Where a defendant alleges that counsel failed to object to an error in the calculation of guidelines or statutory minimums, courts inquire "whether, but for the lapse, is there a reasonable probability the sentence would have been the same." *Johnson v. United States*, 313 F.3d 815, 818 (2d Cir. 2002). In so doing, courts assess "whether the sentence was based particularly on its relative position in the (incorrect) Guidelines range [or mandatory minimum], or whether the record indicates that the same sentence would have been imposed even if a lower range [or mandatory minimum] were applicable." *Sapia v. United States*, 433 F.3d 212, 218 (2d Cir. 2005).

The Second Circuit has specifically considered if and under what circumstances the failure to challenge defects in an § 851 notice constitutes ineffective assistance of counsel. In *Sapia,* as here, the defendant claimed his counsel rendered ineffective assistance of counsel for failing to object to an § 851 defect which, according to the defendant, led to an improper calculation of his mandatory minimum sentence. 433 F.3d 212. The Second Circuit found that the claim failed for lack of prejudice because the sentencing court imposed a sentence of 30

5

months *above* the disputed statutory minimum (and within the guidelines range). The Second Circuit noted the sentencing court had showed a clear intent to impose a sentence higher than the mandatory minimum and there was no indication that the mandatory minimum otherwise affected the sentence. The court contrasted those facts to circumstances which *did* warrant a finding of prejudice in the sentencing context – for example, where a district court imposed the disputed mandatory minimum sentence or the lowest end of a disputed guidelines range or expressed at sentencing that it was constrained by the disputed guideline or mandatory minimum. *See, e.g., Johnson,* 313 F.3d at 818.

Here, as in *Sapia*, the sentencing court explicitly found the mandatory minimum sentence to be too low. Branch challenges the validity of the 20-year minimum sentence for Count Four, but the advisory sentencing guideline range was 30 years to life. Branch was sentenced to 25 years. As in *Sapia*, the sentence was not determined by the existence of the mandatory minimum. Rather, as the sentencing judge, I considered the 18 U.S.C. § 3553(a) factors and determined the sentence accordingly. Assuming without deciding that Branch's counsel should have challenged the government's alleged failure to file the information in accordance with § 851, Branch has nonetheless failed to show prejudice because the sentence he challenges is above the mandatory minimum (and, in this case, also below the applicable guideline range) and was not influenced by the mandatory minimum.

Finally, in an affidavit submitted to the court after the § 2255 motion was filed, Branch asserts that the calculation of the advisory guideline range for Count Four was erroneous because the court improperly classified him as a career offender under U.S. Sentencing Guidelines (USSG) § 4B1.1. (ECF No. 94.) Branch claims his conviction for misdemeanor conspiracy to commit robbery does not constitute a crime of violence because he entered an Alford plea to the

charge. In support of this argument, Branch cites *United States v. Alston*, 611 F.3d 219 (4th Cir. 2010). In that case, the Fourth Circuit considered whether convictions under Maryland's second-degree assault statute constituted crimes of violence under the Armed Career Criminal Act (ACCA) when the defendant had entered an Alford plea to the charge. The court found the second-degree assault statute was sufficiently broad to encompass several distinct crimes – some of which constitute predicate convictions under the ACCA (and therefore USSG § 4B1.1) and others which do not.[4] The court held that because the defendant had entered an Alford plea, the sentencing court was prohibited from relying on the facts asserted by the government at the plea hearing to determine whether the particular conviction qualifies as a predicate crime, as it otherwise would. *See Shepard v. United States,* 544 U.S. 13, 20-21, 24 (2005). Branch claims the same reasoning should apply to his Alford plea.

Because Branch did not make this argument at sentencing or on direct appeal, he is "barred from raising the claim on collateral review." *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 351 (2006); *see also United States v. Emanuel,* 869 F.2d 795, 796 (4th Cir. 1989) (non-constitutional issues are waived in a § 2255 motion if they were not raised on direct appeal).[5] Rather, Branch's argument is cognizable only if framed as an ineffective assistance claim – presumably, that his attorney rendered ineffective assistance by failing to object to his

---

[4] The Fourth Circuit has held that because "substantially similar" language defines a "violent felony" under ACCA and a "crime of violence" under the Guidelines, the same analysis applies. *See United States v. Seay,* 553 F.3d 732, 738-39 (4th Cir. 2009).

[5] When seeking to assert challenges in a § 2255 motion which were not raised at sentencing or on direct appeal, a petitioner must satisfy the requirements of a two-part "cause and actual prejudice" test to obtain relief. *United States v. Frady,* 456 U.S. 152, 167-68 (1982). Under that test, "[t]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *Id.; see also United States v. Maybeck,* 23 F.3d 888, 890 n.1 (4th Cir. 1994). This standard presents "a significantly higher hurdle than would exist on direct appeal." *Frady,* 456 U.S. at 166. Branch does not meet this standard for the reasons discussed herein, so his challenge will be construed as an ineffective assistance of counsel claim.

classification as a career offender on the grounds that a conviction for conspiracy to commit robbery does not constitute a crime of violence when based on an Alford plea.

In evaluating ineffective assistance of counsel claims, courts "judge the reasonableness of counsel's challenged conduct on the facts of a particular case, *viewed as of the time of counsel's conduct.*" *Roe v. Flores–Ortega,* 528 U.S. 470, 477 (2000) (citing *Strickland,* 466 U.S. at 690) (emphasis added). Counsel is not ineffective for "failure to anticipate a new rule of law." *United States v. McNamara*, 74 F.3d 514, 516 (4th Cir. 1996); *see also United States v. Claiborne*, 388 F. Supp. 2d 676, 682 (E.D. Va. 2005) (noting that counsel is not deficient for following controlling circuit precedent at time of trial).

Branch's ineffective assistance claim must fail, then, because at the time of Branch's sentencing, a conviction for conspiracy to commit robbery clearly constituted a crime of violence. *See United States v. Wilson,* 951 F.2d 586, 587-88 (4th Cir. 1991) (concluding that robbery as defined under Maryland law was a crime of violence for career offender purposes); *see also United States v. Ward*, 171 F.3d 188, 193 (4th Cir. 1999) (holding that conviction for conspiracy to commit robbery is a predicate offense for career offender status).[6] In this case, counsel's actions pre-dated the courts' reassessment of the definition of "crimes of violence" in the wake of *Begay v. United States* and its progeny, 553 U.S. 137 (2008), and also pre-dated *Alston*'s holding that Alford pleas may limit the scope of a sentencing court's inquiry as to whether conviction of an offense that is not "categorically" a crime of violence constitutes a predicate offense for career offender status. Accordingly, there was no reason for Branch's

---

[6] As a general matter, the Sentencing Commission has determined that "crimes of violence" for purposes of a sentencing enhancement "include the offenses of aiding and abetting, *conspiring,* and attempting to commit such offenses." USSG § 4B1.2 cmt. n.1 (2008) (emphasis added). The Supreme Court has explained that the inclusion of conspiracy offenses as crimes of violence reflects the Sentencing Commission's "review of empirical sentencing data" and its "assessment that [aiding and abetting, conspiracy, and attempt offenses] often pose a similar risk of injury as completed offenses." *James v. United States*, 550 U.S. 192, 206 (2007).

8

counsel to object to the classification of his conviction for conspiracy to commit robbery as a predicate offense.[7]

A prisoner seeking a motion to vacate under § 2255 is not automatically entitled to appeal a district court's denial of the motion. 28 U.S.C. § 2253(c)(1)(B). An appeal may only be taken from a final order in a proceeding under § 2255 if "a circuit justice or judge issues a certificate of appealability." *Id.* A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make the necessary showing, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (internal quotations omitted). Branch has not made the requisite showing for this court to issue a certificate of appealability.

In summary, Branch has failed to show any grounds for relief under 28 U.S.C. § 2255. A separate order follows.

February 24, 2012                        /s/
         Date                     Catherine C. Blake
                                  United States District Judge

---

[7] I am not suggesting that such an objection would prevail even if made today.